IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.,<br>ANTHONY MARSILIANO,<br><br>    Petitioner,<br><br>v.<br><br>JESSE MONTGOMERY[1],<br>Deputy Director, Parole Division of the Illinois<br>Department of Corrections,<br><br>    Respondent. | No. 03 C 355<br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

On March 23, 1999, following a bench trial in the Circuit Court of Cook County, Illinois, petitioner Anthony Marsiliano was found guilty of robbery, aggravated battery and battery. After merging the battery and aggravated battery counts, the court sentenced petitioner to concurrent terms of thirteen years for robbery and five years for aggravated battery. When his state court direct appeals failed, petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court. Petitioner did not seek post-conviction relief in the Circuit Court of Cook County. For the reasons stated below, the court denies the § 2254 petition in its entirety.

**BACKGROUND**

Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of robbery, aggravated battery, and battery, arising from the assault and robbery of a bartender on January 1, 1993. The victim, age 75, testified that petitioner, who the victim was

---

[1] Petitioner was placed on mandatory supervised release on February 28, 2005. Accordingly, the court substitutes the parole board as respondent. See Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996), citing Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts.

familiar with from the neighborhood, entered the bar where he worked and ordered several drinks. Some time later, the victim stated that he saw a pool cue coming over his head and he fell, and that petitioner pinned him to the floor with the pool cue at his neck. The victim passed out. When he regained consciousness, he noticed cuts on his hands and marks on his neck, and he was having trouble breathing. His wallet containing $400 was missing from his pocket. The victim called police, who accompanied the victim to petitioner's brother's house, and then went to the hospital. The victim identified petitioner from a photo array on January 13, 1993. In 1996, the victim identified petitioner in a lineup.

Petitioner testified at his trial that early in the morning on New Year's Day, after drinking all night, he entered the bar were the victim was working and ordered several drinks. He testified that he fell off his chair while attempting to drink, and the victim told him to leave. Petitioner bought a six-pack of beer from the victim, who became angry when petitioner opened a can in the bar. Petitioner testified that the victim began pushing him out of the bar, and that petitioner pushed back and grabbed the six-pack of beer and left. Petitioner denied choking the victim or taking his wallet.

Petitioner appealed his convictions and was appointed appellate counsel on June 11, 1999. His appellate counsel filed a motion for leave to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there were no meritorious issues on appeal. On July 11, 2000, petitioner filed a pro se brief raising several issues, including that his trial counsel was ineffective because she was unprepared, failed to conduct a sufficient investigation, failed to subpoena the victim's doctor, and failed to object to the victim's testimony. The Illinois

2

Appellate Court, First District, affirmed the conviction and sentence on August 30, 2002. People v. Marsiliano, 1-99-2039 (Ill. App. Ct. 1st Dist., Aug. 30, 2000).

Petitioner then sought relief in the Illinois Supreme Court, again rasing ineffective assistance of counsel claims, although with some differences from his ineffectiveness claims in the Illinois Appellate Court. The Illinois Supreme Court denied review. People v. Marsiliano, No. 91853 (Ill. Sup. Ct., Oct. 25, 2001).

On November 6, 2002, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises three issues: (1) he was denied effective assistance of counsel as guaranteed by the Sixth Amendment when trial counsel was unprepared and did not raise an effective defense; (2) he was denied his Fifth and Fourteenth Amendment rights to due process when his appointed counsel was denied the opportunity to continue the trial; and (3) the trial court erred by having petitioner explain the victim's injuries.

Respondent argues that the first and second grounds fail on the merits, and the third ground is procedurally defaulted. For the reasons discussed below, the court agrees and denies the habeas petition is denied in its entirety.

**STANDARD**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 404-05 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the

Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Williams, 529 U.S. at 404. To demonstrate an "unreasonable application" of clearly established federal law, a habeas petitioner must establish that the state court unreasonably applied the controlling legal rule to the facts of the case. Id. at 407. Moreover, the state court's application of Supreme Court precedent must be more than incorrect or erroneous. Rather, it must be "objectively" unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1174 (2003); Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002) (state court decision must lie "well outside the boundaries of permissible differences of opinion").

In addition, before a federal court will consider a habeas corpus petition, a petitioner must exhaust his state remedies – that is, the petitioner must give the state's highest court an opportunity to address each claim. O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999). To satisfy this requirement, a petitioner must fairly present to the state judiciary both the operative facts and legal principles that control each claim. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). A petitioner's failure to fairly present each habeas claim to the state's highest court leads to a default of the claim, thus barring the federal court from reviewing the claim's merits. Boerckel, 526 U.S. at 848. A federal court, however, may excuse a procedural default if a petitioner can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In the instant case, respondent concedes that petitioner has met the exhaustion requirement for all three grounds, but argues that the third claim is procedurally defaulted.

4

**DISCUSSION**

I.  **Procedurally defaulted claim**

Respondent argues that petitioner procedurally defaulted his third ground for relief by failing to raise it to either the Illinois Appellate Court or the Illinois Supreme Court. As stated in his habeas petition, petitioner's third claim is that the "trial court erred by forcing petitioner to explain injuries to victim when that issue was the matter most relevant to the petitioner's innocence,"[2] and that this was a "direct violation of the petitioner's Fifth and Fourteenth Amendment rights to due process and to have to be a witness against himself."

Petitioner argues that he presented this issue to the Illinois Supreme Court. In support of this argument, petitioner points to three grounds raised in his motion for leave to appeal to the Illinois Supreme Court:

"28. That the court illegally shifted the burden in this matter [onto] defendant in violation of the 6th and 14th amendment[s] to the United States Constitution when the court put the burden on defendant to explain the victim's injury;
29. That there was absolutely no proof of the victim's injury's [sic] in this matter as the defendant denied doing anything to harm the victim, and there was absolutely no expert testimony whatsoever in this matter, no hospital records, no persons qualified to testimony to the fact that the victim was even injured at all!
30. The fact of the victim's injury, which is a very material factual matter in this case and which is crucial to a conviction in this matter, as it is a key essential element that was never proven at all, and this defies the 6th and 14th amendments to the United States Constitution, and the conviction and sentence simply cannot stand."

---

[2]Petitioner does not point to specific portions of his testimony, and the court's review of the trial record reveals that petitioner testified that he had pushed the victim but did not see whether he fell or hit his head. The court cannot identify any other testimony by petitioner regarding injury to the victim. The court notes that the victim testified as to his injuries, and a police officer who was present at the scene of the robbery testified that the victim had a hoarse voice, red marks on his neck, and cuts on his wrist.

Because respondent asserts without explanation that petitioner failed to raise this claim to the Illinois Supreme Court, respondent does not address grounds 28 through 30.

The Seventh Circuit has repeatedly considered the issue of procedural default where a § 2254 petitioner presents new factual allegations or casts his legal theories in a significantly different light than that raised in state court. In <u>Sweeney v. Carter</u>, 361 F.3d 327, 332-33 (7th Cir. 2004), the court noted that, "On the one hand, we have found that the fact that two different claims arise from a common set of facts is not enough to avoid default...On the other hand, 'a mere variation in legal theory' does not automatically lead to a finding of failure to exhaust." <u>Id.</u> (collecting cases)(internal citations omitted). "Thus, a petitioner may reformulate her claims so long as the substance of the claim remains the same." <u>Id.</u> at 333.

The petitioner in <u>Sweeney</u> brought an ineffective assistance of counsel claim based on defense counsel's advice regarding an alleged use-immunity agreement. In state court, he raised this claim under the Fifth Amendment, but in his § 2254 petition he advanced the same claim under the Sixth Amendment. 361 F.3d at 332. The Seventh Circuit held that the petitioner had properly raised his habeas ineffective assistance of counsel claim to the state court and was thus not procedurally defaulted. <u>Id.</u> at 333. The instant case is distinguishable from <u>Sweeney</u> because the federal claims regarding petitioner's testimony raised to the Illinois Supreme Court are not substantively similar to those in his habeas petition claim. See also <u>Kurzawa v. Jordan</u>, 146 F.3d 435, 443 (7th Cir. 1998) (finding failure to exhaust where petitioner "raised two entirely new, separate due process arguments on collateral appeal").

The gravamen of grounds 28 through 30 of petitioner's motion for leave to appeal to the Illinois Supreme Court is that forcing petitioner to testify about the victim's injuries unlawfully

shifted the burden to petitioner and that the State failed to produce sufficient evidence of the victim's injuries or that petitioner had caused them. Petitioner's state court motion references the Sixth and Fourteenth Amendments, without citing any case law. Petitioner's habeas petition is grounded in petitioner's Fifth Amendment right against self-incrimination. It also references the Fourteenth Amendment, without comment or elaboration. Petitioner asserts in his habeas petition that he stated in his motion to the Illinois Supreme Court "that the trial court expected him to answer improper questions." Such an assertion could support a Fifth Amendment claim, but it is not contained in plaintiff's state court motion. Petitioner did not argue in state court that he was asked "improper questions" or that his Fifth Amendment rights were otherwise violated. Instead, petitioner's state court brief cites impermissible burden shifting and a lack of evidence regarding the victim's injuries, such as hospital records or expert testimony, and argues that the State failed to meet its burden at trial that the victim had been injured. Such arguments are relevant to the sufficiency of the evidence and a due process claim that the burden was shifted to petitioner to disprove an element of an offense, but are not typically related to a Fifth Amendment self-incrimination claim.

Because "a mere variation in legal theory" does not automatically lead to a finding of failure to exhaust, Sweeney, 361 F.3d at 333, petitioner is not automatically barred because he invokes a different amendment here than in state court. He is barred nevertheless because although the claims raised before the Illinois Supreme Court and in the instant habeas petition both relate to petitioner's testimony about the victim's injuries and both reference the Fourteenth Amendment, they do not raise the same legal issue or theory. Accordingly, petitioner's right against self-incrimination claim was not fairly presented to the state court.

7

The failure to raise a claim to the state courts conclusively bars federal relief. Rose v. Lundy, 455 U.S. 509, 515 (1982); Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995). Petitioner does not argue cause and prejudice, or that the default would lead to a "fundamental miscarriage of justice." See Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Accordingly, petitioner's third ground for habeas relief is denied.

## II.  Non-defaulted claims

Petitioner's first and second grounds for habeas relief are intertwined. Petitioner's first ground is that his Sixth and Fourteenth Amendment rights were violated because trial counsel was "ill-prepared to proceed with petitioner's trial and did not raise an effective defense." Petitioner adds in his brief in response to respondent's answer to the habeas petition that counsel was ineffective for failing to object to the denial of the continuance motion. Petitioner's second ground is that his Fifth and Fourteenth Amendment due process rights were violated when the trial court denied his counsel's request for a continuance, which he asserts caused her to be unprepared.[3] Respondent does not argue that petitioner has failed to exhaust these claims or that they are procedurally defaulted, but argues that petitioner cannot demonstrate that the state court's resolution of these claims was an unreasonable application of clearly established Federal law.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's conduct "fell below an objective standard of reasonableness" and "outside the wide

---

[3]The court notes that it is not clear that petitioner has "fairly presented" his due process claim related to the continuance, as distinct from a Sixth Amendment ineffective assistance claim, to the state courts, as required to satisfy the exhaustion requirement. Boerckel, 526 U.S. at 839. Respondent, however, does not contest exhaustion, and the court will therefore consider the merits of the due process claim.

8

range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984).[4] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. A petitioner must also show prejudice by demonstrating that it is reasonably likely that, but for his counsel's errors, the decision reached would have been different. Id. at 696. The counsel's errors must be so serious as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable. Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

In the instant case, petitioner's trial counsel sought a continuance the day before the trial began. She stated that petitioner informed her that he had been in the hospital, and that she had not discussed the case with her client since the last court date. Trial counsel told the court, "As a result, I do not feel right about actually going to trial tomorrow if need be. What I'd be doing is asking for a short space, additional time, so that we can communicate." The court denied the motion and the trial proceeded.

---

[4] Petitioner suggests that the court should apply the ineffectiveness standard set forth in United States v. Cronic, 466 U.S. 648 (1984), instead of Strickland. Cronic established that certain failings of counsel justify a per se presumption of ineffectiveness, see 466 U.S. at 658-59, notwithstanding the general rule under Strickland that to demonstrate ineffectiveness, a defendant must show that his counsel's performance was both deficient and prejudicial. Prejudice may be presumed if, (1) the accused is "denied the presence of counsel at a critical stage" in proceedings, (2) counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing" or (3) "counsel is called upon to render assistance under circumstances where competent counsel very likely could not." Barrow v. Uchtman, 398 F.3d 597, 603 n. 4 (7th Cir. 2005), citing Bell v. Cone, 535 U.S. 685, 695-95 (2002). Petitioner has failed to demonstrate that any of these three exceptions apply. See e.g., United States v. Rodgers, 755 F.2d 533, 540 (7th Cir. 1985) (having new counsel appointed two days before jury selection and four days before trial began was not "so horrendous as to raise a presumption of prejudice."). His ineffectiveness claims are therefore analyzed under Strickland.

9

Petitioner presented a broader ineffective assistance of counsel claim to the Illinois Appellate Court, asserting that his lawyer changed several times before his trial, and that his earlier lawyers failed to properly investigate and prepare his case. He also alleged that his trial counsel offered incorrect advice about a motion to suppress his identification, was unprepared for his trial, met with him only once, made an improper statement in closing argument, and failed to secure a continuance. The Appellate Court reviewed the trial record and considered the alleged failings and omissions of petitioner's counsel under People v. Cunningham, 309 Ill. App. 3d 824, 828 (1999), and Strickland. The Appellate Court rejected petitioner's ineffectiveness claims, noting that counsel had represented defendant for at least two months prior to trial, and that at trial on the day after making the motion for a continuance, "defense counsel raised objections, crossed examined the State's witnesses, presented defendant's direct testimony and made a closing argument." People v. Marsiliano, 1-99-2039 (Ill. App. Ct. 1st Dist., Aug. 30, 2000). The Appellate Court held that given the evidence presented the "alleged omissions by defendant's previous counsel could not have altered the outcome of defendant's trial." Id.

Under § 2254, a habeas petitioner must show that the state court performed its analysis in an objectively unreasonable manner. Bell v. Cone, 535 U.S. 685, 699 (2002); see also United States v. Pierson, 267 F.3d 544, 557 (7th Cir. 2001) (noting that ADEPA provides for clear error review of state court Strickland adjudications because of the inherent "element of deference to counsel's choices in conducting the litigation" in combination with the "layer of respect" added by 28 U.S.C. § 2254(d)(1))(internal citations omitted)). The court has reviewed the Appellate Court's decision and the trial record, and finds that the Appellate Court's determination that

petitioner was not prejudiced by trial counsel's alleged ineffectiveness was not objectively unreasonable.  Accordingly, petitioner's first ground is denied.

Petitioner's second ground is that his due process rights were violated by the trial court's denial of his lawyer's request for a continuance, which he asserts compounded trial counsel's ineffectiveness.  This claim fails for similar reasons to his first ineffective assistance of counsel claim.  Under Illinois and federal law, continuances are at the discretion of the trial court.  U.S. ex rel. Searcy v. Greer, 768 F.2d 906, 912-13 (7th Cir. 1985); People v. Washington, 195 Ill. App. 3d 520, 525 (1990).  Only abuse of that discretion has been held to violate one's right to due process and result in a fundamentally unfair trial.  United States v. Rodgers, 755 F.2d 533, 539 (7th Cir. 1985).  To establish an abuse of discretion in the grant or denial of a continuance, a party must ordinarily make some showing of actual prejudice resulting from the trial court's ruling.  Id.

A defendant appealing from the denial of a continuance in a criminal case will typically claim prejudice in the form of an ineffective assistance of counsel claim, and in evaluating such a claim, a court must generally inquire into counsel's actual performance at trial.  Rodgers, 755 F.2d at 540 (collecting cases).  The Seventh Circuit has described such a claim as "court-induced" ineffectiveness of counsel claim.  U.S. ex rel Smith v.Lane, 794 F.2d 287, 289 (7th Cir. 1986).

In Rodgers, which was a direct appeal from a conviction, the defense attorney was appointed two days before jury selection and four days before the trial began after the denial of a defense motion for a continuance.  The Seventh Circuit held that "the denial of the continuance had no significant adverse impact on counsel's performance at trial." 755 F.2d at 540.  In

support of this holding, the Seventh Circuit cited the defense attorney's detailed evidentiary objections, incisive cross-examination of government witnesses, and timely objections to the government's direct examination as evidence that counsel represented the defendant "professionally and zealously." Id. at 541. Applying the analysis in Rodgers, the district court in Smith v. Lane, 609 F.Supp. 656, 659-60 (D.C.Ill. 1985), denied the petitioner's § 2254 court-induced ineffective assistance of counsel claim because no prejudice was caused by denial of a continuance where trial counsel made motions to suppress during the trial and used documents to impeach witnesses. The Seventh Circuit affirmed this holding, finding that under Strickland, counsel's representation at trial indicated sufficient readiness to try the case. 794 F.2d 287, 291 (7th Cir. 1986).

In the instant case, petitioner asserts in his brief that he was given several different attorneys prior to trial, and that the State also requested several continuances. Petitioner protests that he had no control over these events, and that he was not attempting to delay the trial. The court does not doubt petitioner's sincerity, but petitioner has not shown that he was prejudiced by counsel's level of preparedness. As stated above, the Appellate Court's finding that counsel was not ineffective was not objectively unreasonable. It is, of course, not preferable that a defendant be assigned different attorneys prior to trial or that a public defender is forced to present her defense after expressing to the court that she has had insufficient opportunity to consult with her client and prepare the case. These are, unfortunately, realities of our current criminal justice system, and do not necessarily violate a defendant's due process and Sixth Amendment rights. The State's prosecution of petitioner was not complicated or involved, but rather a fairly standard robbery and battery case. The State called the vicitm and two police

officers only, and the trial was concluded in a single day. Petitioner's counsel represented him for more than two months prior to trial. Before that, he was represented by other lawyers, who presumably shared their case files with trial counsel. At trial, petitioner's counsel made frequent and well-taken objections to the State's direct examination, competently cross-examined witness, conducted a direct examination of petitioner, made a well-developed motion for directed verdict evidence based on several challenges to the State's evidence, and presented a closing statement. As in Smith and Rodgers, petitioner has failed to demonstrate that he was prejudiced by counsel's trial performance following the trial court's denial of the continuance. Accordingly, petitioner's "court-induced" ineffectiveness of counsel claim is denied.

## CONCLUSION

For the reasons stated above, the court denies the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in its entirety.


**ENTER:** **July 17, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**